IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE SIMS,<br><br>　　　　　　　*Plaintiff,*<br><br>　v.<br><br>PEACE OF MIND LIVING HABILITATIVE SERVICES, LLC, *et al,*<br><br>　　　　　　　*Defendants.* | Civil Action No. 2:19-cv-413<br><br>Hon. William S. Stickman IV |

**ORDER OF COURT**

Plaintiff Stephanie Sims ("Sims") filed this employment discrimination/sexual harassment action against Defendants Peace of Mind Living Rehabilitation Services, LLC and Paul Hunter (collectively, "Defendants") in August of 2018 in the Court of Common Pleas of Allegheny County, Pennsylvania, and it was removed to this Court in April of 2019. (ECF No. 1). In her Complaint, Sims asserted the following three claims: Sexual Harassment Under Title VII (Count One); Retaliation Under Title VII (Count Two); and, Battery (Count Three). Counts One and Two are asserted against Peace of Mind Living Rehabilitation Services, LLC, and Count Three is asserted against both Defendants.

Defendants filed a Motion for Summary Judgment and supporting brief. (ECF Nos. 20 and 23). According to Defendants, Count One fails as a one-time kiss on the check does not support the alleged sexual harassment, Count Two fails because no retaliation occurred, and Count Three fails because a kiss on the check does not support a claim of battery and Sims' battery claim is preempted by the Pennsylvania Worker's Compensation Act ("PWCA"). (ECF

1

No. 20). The parties' briefing on the motion was completed on February 24, 2020. (ECF No. 33).

Chief Magistrate Judge Cynthia Reed Eddy issued a Report and Recommendation on June 5, 2020, recommending the motion be granted in part and denied in part. (ECF No. 34). More specifically, as to Count One, she recommended that the motion be granted and all claims (i.e., hostile work environment and *quid pro quo* sexual harassment) be dismissed with prejudice. As to Count Two, Chief Magistrate Judge Eddy recommended that the motion be denied because Sims has come forth with evidence that creates a genuine issue of material fact regarding how she was treated after reporting the kiss. Lastly, as to Count Three, Chief Magistrate Judge Eddy recommended that the motion be denied because the battery claim falls outside the purview of PWCA and a genuine issue of material fact exists as to whether the kiss rose to a level of harmful or offensive contact so as to constitute a battery.

The parties had until June 19, 2020 to file written objections, and until July 6, 2020 to file responses to objections. (ECF No. 34). Defendants filed timely Objections arguing that Chief Magistrate Judge Eddy erred in recommending that their motion for summary judgment be denied as to Plaintiff's claims of retaliation and battery. (ECF No. 35, pp. 2, 5-9). Sims filed Response to Defendants' Objections arguing that the Court should accept Magistrate Judge Eddy's recommendations in whole. (ECF No. 36).

After its independent *de novo* review of the entire record, including the pleadings at issue and the parties' respective arguments, the Court agrees with the analysis of the issues and legal conclusions reached by Chief Magistrate Judge Eddy. The Court hereby DENIES the Objections (ECF No. 35) and ADOPTS Chief Magistrate Judge Eddy's Report and Recommendation (ECF No. 34) as its opinion.

AND NOW, this 13th day of July 2020, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (ECF No. 20) is GRANTED IN PART and DENIED IN PART. The Motion for Summary Judgment is GRANTED as to Count One and Count One is HEREBY DISMISSED with prejudice. The Motion for Summary Judgment is DENIED as to Counts Two and Three, and these counts may proceed to trial.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE